**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHRISTINE MURRAY,

        Plaintiff - Appellant,

v.

COUNTY OF ORANGE, a municipal
corporation; et al.,

        Defendants - Appellees.

No. 13-55682

D.C. No. 8:10-cv-01675-JVS-
MLG

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted May 7, 2015
Pasadena, California

Before: LIPEZ,[**] WARDLAW, and MURGUIA, Circuit Judges.

    Christine Murray appeals the district court's grant of summary judgment on

her claim against the County of Orange (the "County") and the Orange County

Sheriff's Department ("OCSD") for violating the Public Safety Officers Procedural

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Kermit V. Lipez, Senior Circuit Judge for the First Circuit, sitting by designation.

Bill of Rights Act ("POBRA"), Cal. Gov't Code §§ 3300-3313. Murray also

appeals the district court's judgment, following a bench trial, in favor of the

County on her § 1983 claim. We have jurisdiction pursuant to 28 U.S.C. § 1291,

and we reverse and remand.

1. Although the district court relied heavily, and properly, on the Orange

County Superior Court decision in *Anderson v. Cnty. of Orange*, No. 30-2010-

00376368 (Cal. Sup. Ct. Mar. 9, 2012), to grant summary judgment, that decision

has since been reversed by the California Court of Appeal. *See Anderson v. Cnty.

of Orange*, No. G047161, 2014 WL 1092865 (Cal. Ct. App. Mar. 20, 2014).[1] The

liberty interest hearing offered by the County did not satisfy the minimum

requirements of a POBRA administrative appeal. *See id.* Because the liberty

interest hearing was an inadequate remedy, the requirement of exhaustion of

administrative remedies does not apply, *Glendale City Emps.' Ass'n v. City of*

---

[1] We grant Murray's motion for judicial notice of the California Court of Appeal's opinion in *Anderson*. We may take judicial notice of filings from cases that are relevant to the issues before us. *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (explaining that courts may take judicial notice of "documents on file in federal or state courts"); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." (internal quotation marks omitted)).

2

*Glendale*, 540 P.2d 609, 618-19 (Cal. 1975), rendering erroneous the district court's grant of summary judgment in favor of the County and OCSD.

2.  The district court erroneously concluded that the County was entitled to judgment on Murray's *Monell* claim, focusing on whether Sheriff Hutchens was a final *decisionmaking* authority, rather than a final *policymaking* authority, which is the key question under *Monell*.  *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690-95 (1978).  A municipality is not liable under § 1983 "unless the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered."  *Gillette v. Delmore*, 979 F.2d 1342, 1349 (9th Cir. 1992) (per curiam) (internal quotation marks omitted).  The district court considered whether Sheriff Hutchens's decision to lay off Murray could be reviewed after the fact by the Human Resources Director.  However, that the Human Resources Director has the authority to rule on grievances does not mean that the Human Resources Director possesses final authority to establish municipal policy with respect to layoffs in the Sheriff's Department.

According to the Orange County Charter and Ordinances, the final policymaker with respect to employment decisions within the Sheriff's Office appears to be either the County Executive Officer or the Board of Supervisors.  However, final policymaking authority may be delegated in practice.  *See Ulrich v.*

3

*City & Cnty. of S.F.*, 308 F.3d 968, 986 (9th Cir. 2002); *Bouman v. Block*, 940 F.2d 1211, 1230-31 (9th Cir. 1991).  Here, because the district court did not engage in the proper factual inquiry, the record is not sufficiently developed as to whether Sheriff Hutchens had been delegated final policymaking authority with respect to employment.  We therefore reverse and remand the judgment.

**REVERSED and REMANDED.**